UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER M. MCHALE and
ASHLEY N. MCHALE,

    Plaintiffs,

v.                                                 Case No: 8:19-cv-707-T-27SPF

CROWN EQUIPMENT CORPORATION,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs Alexander McHale and Ashley McHale's First, Second, and Third Sets of Preliminary Motions in Limine to Exclude Evidence and Obtain Direction for Efficient Discovery and Trial Preparation (Dkts. 29, 30, 31), and Defendant Crown Equipment Corporation's responses in opposition (Dkts. 33, 34, 35). Upon consideration, the motions are **DENIED** without prejudice.

This products liability action involves an injury Alexander McHale sustained while operating a forklift designed and manufactured by Crown. (Dkts. 1, 5). In their motions in limine, the McHales raise 12 evidentiary issues to "obtain an order from this Court relating to the admissibility of certain evidence [they] anticipate [Crown] will rely upon in this case." (Dkt. 29 at 1). They explain that "[b]ased on numerous substantially similar cases, the McHales anticipate that Crown will rely on inadmissible testing, historical facts, and irrelevant standards to support its excuses for failing to include a rear guard door as a safety feature necessary to ensure that [the] forklift is not unreasonably dangerous under Florida product liability law." (Id.). They further

1

acknowledge that "these motions have been filed very early in the process," but "hope that success in these motions will save them tens of thousands of dollars in discovery expenses and hundreds of hours of attorney time." (Id. at 3, 11). Their only authority to support the early resolution of the motions is Rule 1 of the Federal Rules of Civil Procedure, which provides that the rules "should be . . . administered . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." (Id. at 3).

Crown responds that the motions are premature, based on inaccurate litigation theories, and make unsupported allegations against the forklift's design. (Dkt. 33 at 1). Crown also observes that courts have rejected arguments similar to those the McHales raise, including in cases where it was a defendant. (Id. at 2). The court in *Reinard v. Crown Equipment Corporation*, 6:16-cv-2094-MWB (N.D. Iowa) ruled on similar motions in limine that were filed in anticipation of trial. *See* (Dkt. 33-1 at 3). Likewise, the court in *Hernandez v. Crown Equipment Corporation*, 7:13-cv-91(HL) (M.D. Ga.) ruled on the motions in limine after hearing argument at a pretrial conference. *See* (Dkt. 33-2). In contrast, this action is set for the March 2021 trial term. (Dkt. 28).

Courts have denied motions in limine that were filed when trial was not imminent. *See, e.g., Whidden v. Roberts*, No. 5:19-CV-80-MCR/MJF, 2020 WL 605061, at *1 (N.D. Fla. Jan. 28, 2020) (collecting cases). As in *Whidden*, discovery is still ongoing and the Court "lacks sufficient familiarity with the case to determine whether the materials submitted . . . are even relevant to [the] claims and any possible defenses." *Id.* at *2; *see also Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011) ("Evidentiary rulings should ordinarily be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.") (internal quotations, citations, and brackets omitted).

Moreover, the McHales argue that much of Crown's produced material is inadmissible because it is untrue, constitutes an opinion without a basis, or suffers various shortcomings. *See, e.g.*, (Dkt. 30 at 8, 11, 12, 14; Dkt. 31 at 4, 5). It is premature to make any such findings. And a motion in limine cannot "be used to resolve factual disputes or weigh evidence," or to "elicit a ruling that certain facts or statements in exhibits are 'accepted' or 'established' for purposes of establishing elements of a claim or defense." *See Whidden*, 2020 WL 605061, at *2-3 (citations omitted); *see also Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008) ("[A] motion in limine is not the mechanism by which we address or narrow the issues to be tried. Nor is it the means of testing issues of law.") (citations omitted).

Accordingly, the McHales' motions in limine (Dkts. 29, 30, 31) are **DENIED** *without prejudice*.

**DONE AND ORDERED** this 27th day of February, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

3