IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER M. MCHALE and ASHLEY N. MCHALE,

    Plaintiffs,

vs.

CROWN EQUIPMENT CORPORATION,

    Defendant.

_____/

CASE NO.: 8:19-cv-00707-JDW-SPF

**DEFENDANT CROWN EQUIPMENT CORPORATION'S REPLY TO PLAINTIFFS' RESPONSE TO CROWN'S AMENDED MOTION FOR FINAL SUMMARY JUDGMENT**

Plaintiffs attempt to avoid summary judgment in their Response by (1) adding new claims never previously pled; (2) submitting a new affidavit from Plaintiff that expands on prior testimony and speculates to fill holes in Plaintiff's prior testimony; (3) incorrectly claiming expert testimony is not needed in this case; (4) asking this Court to ignore portions of their own expert's testimony; and (5) mischaracterizing case law on punitive damages and evidence in the record based on unsupported arguments from Plaintiffs' counsel.

    **I.**    **Plaintiffs' Improper Attempt to Add Claims**

Plaintiffs have never pled a cause of action for Negligence. Moreover, this is not a crashworthiness case, nor have Plaintiffs pled a cause of action for crashworthiness. The Court should disregard any attempts for Plaintiffs to now backdoor these causes of action. The purpose of Federal Rule of Civil Procedure Rule 8(a) is to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bunch & Assocs. v. Sungard Recovery Servs. Lp,* No. 8:08-CV-1610-T-27-MSS, 2008 U.S. Dist. LEXIS 141224, at \*3

(M.D. Fla. Nov. 24, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiffs' Amended Complaint stretches across 14 pages with 74 numbered paragraphs. *See* DE 5. These 74 paragraphs detail Plaintiffs' allegations and **three** counts against Crown: (1) strict products liability; (2) punitive damages; and (3) loss of consortium. DE 5. Crown conducted discovery and developed its defenses based upon Plaintiffs' Amended Complaint.

Now, after dispositive motions have been filed and dismissal possibly forthcoming, Plaintiffs want to add **two new claims** against Crown for negligence and crashworthiness. These causes of action are not included in Plaintiffs' Amended Complaint and should not be considered as Crown's first notice of these claims came in Plaintiffs' Response to Crown's Motion for Summary Judgment. Plaintiffs' Response suggests they did not ask this Court for leave to amend the Complaint before the August 18, 2020 deadline because there is no need to have all of Plaintiffs' claims listed in their Complaint. Plaintiffs' Response **concedes** the Amended Complaint does not include allegations of crashworthiness or negligence. Yet, Plaintiffs suggest that Plaintiffs' expert reports and expert deposition testimony are somehow sufficient to put Crown on notice, in direct contravention of the federal pleading standard. *See Coon v. Georgia Pacific Corp.*, 829 F.2d 1563, 1568-69 (11th Cir. 1987) ("[T]he inclusion of claims in the pretrial stipulation, the mention of them in discovery and the filing of motions concerning those claims were not a substitute for the factual allegations of a complaint under Federal Rule of Civil Procedure 8(a).")

The cases cited by Plaintiffs do not support the proposition that Plaintiffs do not have to identify their causes of action in the Complaint. In *Conley v. Gibson*, the Court analyzed

the standard for pleadings challenged by motions to dismiss and stated the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). In *Sams v. United Food & Commercial Workers Int'l Union*, the Court noted the defendant acknowledged awareness of the claims in pleadings and thus the requirements under Rule 8(a) had been met. 866 F.2d 1380 (11th Cir. 1989). Crown has made no such acknowledgment since Crown was unaware of these claims until Plaintiffs' Response.

Moreover, Plaintiffs have failed to explain how Crown was on notice of these unidentified causes of action prior to receiving Plaintiffs' Response. Crown would be significantly prejudiced if forced to defend itself against claims being identified nearly two years into the case. *See, e.g., Marshall v. Mayor of Savannah,* 366 F. App'x 91, 100 (11th Cir. 2010) ("The district court correctly concluded that allowing (plaintiff) to assert this claim for the first time in her response to the (defendant's) motion for summary judgment would prejudice the (defendant).") This Court should not permit this blatant violation of the federal pleading standard, principles of civil discovery, and this Court's scheduling orders.

## II. Plaintiffs' Newly Disclosed Testimony

In addition to adding new causes of action, Plaintiffs' Response also includes a newly disclosed affidavit from Mr. McHale, which attempts to expand on prior testimony and fill in holes left by Mr. McHale's deposition. During his deposition, Mr. McHale testified that he could not remember critical details regarding the specifics of this accident. McHale Dep. 80:10-84:24. In the hopes of surviving summary judgment, Mr. McHale provided an affidavit speculating beyond his deposition testimony because that deposition testimony does

not support Plaintiffs' defect theories.  There would be no need for this affidavit had it been consistent with his deposition testimony.  Plaintiffs should not be able to survive summary judgment by preparing an affidavit from their client speculating on the details of the accident that he could not provide during his deposition and still does not know for certain.  Plaintiffs' affidavit should be discarded.  "A district court may find an affidavit which contradicts testimony on deposition a sham when the party merely contradicts its prior testimony without giving any valid explanation."  *Bank of Am., N.A. v. Dello Russo*, No. 6:11-cv-734-Orl-22GJK, 2013 U.S. Dist. LEXIS 190742, at *32 (M.D. Fla. June 17, 2013) (citation omitted).

### III.     Expert Testimony is Required

Plaintiffs misrepresent Crown's arguments regarding the necessity of expert testimony. Crown does not advocate for a *per se* rule requiring expert testimony in every design defect case. Instead, Crown specifically argues expert testimony is needed **in this case** due to the complex nature of the Crown RC5500 and its technical design. Two of Plaintiffs' case citations are not at all comparable to the RC5500: a case regarding lawnmower battery design defects (*Taylor v. Johnson Controls Battery Grp., Inc.,* 2013 U.S. Dist. LEXIS 196758 (S.D. Fla. Dec. 13, 2013)) and a breach of contract case (*Hudson Marine Mgmt. Servs. v. Thomas Miller (Miami), Inc.*, 417 Fed. Appx. 845 (11th Cir. 2011)).

Here, the jury is not qualified to analyze the risks and benefits associated with various design features on a complex industrial product such as a counterbalance stand-up rider lift truck.  Given the complex design issues at hand, expert testimony is not just helpful, it is necessary to survive summary judgement.  As explained in Crown's initial motion, Plaintiffs have not come forward with any reliable expert testimony to support their defect theories.  As

such, summary judgement is appropriate.

### IV. No Evidence To Support Pedal Design Theory

As explained in Crown's Motion, Plaintiffs' expert John Meyer admitted that he believes without a door the lift truck is defectively designed regardless of the pedal design. Notably, even in Meyer's fourth attempt to provide what Plaintiffs' counsel wants him to say (expert report, deposition, affidavit in opposition to Daubert challenge and now the affidavit attached to Plaintiffs' Response), Meyer still fails to explicitly say that a change in brake pedal design alone is sufficient to make the RC5500 reasonably safe. *See* DE 105-4. Oddly, to avoid summary judgment, Plaintiffs' Response claims the jury can ignore their own expert's statement (which is fatal to their defect theory) and conclude on their own that the pedal design warrants the truck defective. DE 105 at 6.  Given the admissions of Plaintiffs' own expert, there is no evidence to support the truck was defectively designed because of the brake pedal design and such claims should be dismissed.

### V. Clarification of Case Law and Record Evidence

Plaintiffs have not come forward with any evidence to support their claim for punitive damages and analyze the 1999 amendments to Florida's punitive damages statute by citing to a 1970 ruling by an intermediate court of appeals. Plaintiffs seemingly overlook Crown's prior citation to *Valladares v. Bank of Am. Corp.,* a 2016 Florida Supreme Court decision that discusses Florida's punitive damages standard and quotes the same passage as Crown's initial motion. 197 So. 3d 1, 11; *see also Bistline v. Rogers,* 215 So. 3d 607, 611 (Fla. 4th DCA 2017) ("punitive damages are appropriate when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross

negligence as to indicate a wanton disregard for the rights and safety of others").

Further, the concept of a door has been fully evaluated and assessed by Crown, as well as the ANSI B56.1 subcommittee, and rejected. It is undisputed that Crown fully evaluated the concept of adding a door and determined the risks significantly outweighed the benefits. At most, Plaintiffs' counsel has argued that Crown (and the entire lift truck industry) arrived at the wrong conclusion in regards to doors. Claiming that a company evaluated a design concept but came to the wrong conclusion is not grounds for punitive damages. Plaintiffs have failed to present any evidence to establish the culpable conduct needed to meet the heightened requirement for punitive damages.

The majority of Plaintiffs' Response is based on argument from counsel as opposed to record evidence. In fact, most of the statements made in Plaintiffs' Motion fail to cite to any record evidence and should be accepted as merely argument from counsel. This is a critical distinction because argument from counsel does not create a genuine issue of material fact. The statements that are purportedly supported by testimony mischaracterize the evidence in this case by generally citing to numerous pages of a deposition transcript. For example, Crown has **never** claimed that the ATD testing is Crown's "primary basis" for claiming that doors make lift trucks more dangerous. This is a complete mischaracterization. Yet, Plaintiffs make this representation on page 2 of their Response and generally cite to three pages of Ron Grisez's corporate representative deposition transcript (pages 233-235) that do not support this statement. The liberty that Plaintiffs take in stretching and mischaracterizing testimony to fit their litigation theories is concerning.

Other examples include the representations made regarding the testimony of Charles

Jeffress, former director of OSHA, to support Plaintiffs' argument that the OSHA regulations do not apply to side-stance trucks such as the RC5500. *See* DE 89-1.[1] A complete reading of his deposition testimony reveals that Jeffress was not aware of side-stance trucks. However, he confirmed that OSHA's regulations applied to all powered industrial trucks (PITs) and if side-stance trucks, such as the Crown RC5500, made up more than half the market, Jeffress would have expected his team working on the rule to know that and account for all PITs including side stance stand-up rider forklifts like the Crown RC5500. *Id*. at 14:5-10; 81:10-88:15. When put into proper context, Plaintiffs' arguments that the OSHA regulations do not apply to the RC5500 are entirely misleading.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to Plaintiffs' attorneys:

> Sean C. Domnick, Esquire, 2401 PGA Blvd., Suite 140, Palm Beach Gardens, FL 33410; sean@dcwlaw.com; Daniel D. Moody, Esquire; Moody Law, 575 North Broadway Ave., Bartow, FL 33831; dan@moodylaw.com; Michael J. Warshauer, Esquire; Warshauer Law Group, P.C., 2740 Bert Adams Road, Atlanta, GA 30339; mwarshauer@warlawgroup.com

*s/Michael J. Wiggins*
MICHAEL J. WIGGINS, ESQ.
Florida Bar No. 0818860
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
mwiggins@mtwlegal.com
*Attorneys for Defendant, Crown Equipment Corporation*

---

[1] Jeffress's deposition was taken in the *Reinard v Crown* case.